IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT FINE WINE & SPIRITS, LLC, d/b/a TOTAL WINE & MORE,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN A. HARRIS, Commissioner Department of Consumer Protection and JOHN SUCHY, Director Division of Liquor Control<br><br>Defendants. | <br><br><br><br><br><br>Case No. 3:16-cv-01434-JCH<br><br><br><br><br><br>OCTOBER 20, 2016 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: August 23, 2016.

Date Complaint Served: August 24, 2016.

Date of Defendant's Appearance: September 6, 2016 (counsel entered appearance); October 14, 2016 (response to complaint due).

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 6, 2016. The participants were:

James T. Shearin and William J. Murphy, for plaintiff Connecticut Fine Wine & Spirits, LLC, d/b/a Total Wine & More; and Assistant Attorneys General Gary M. Becker and Robert J. Deichert for defendants Jonathan A. Harris and John Suchy.

**I.     CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

This is an action under the federal antitrust laws and declaratory judgments act and this court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 4 and 26 and 28 U.S.C. §§ 1331, 2201, and 2202, except that defendants plan to argue that the Eleventh Amendment bars any award of fees or costs, as will be discussed in more detail below. Diversity jurisdiction is not asserted and accordingly the citizenship of the plaintiff entity is not at issue.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF THE CASE

### A. Claims of Plaintiff

Plaintiff has alleged that certain Connecticut statutes and regulations governing the sale and distribution of alcoholic beverages are preempted by the federal Sherman Act. The challenged provisions require manufacturers and wholesalers to post "bottle prices" and "case prices" for alcoholic beverages for the following month; require public posting of those prices and permit industry participants to amend their posted prices to meet their competitors' prices; require retailers to sell at the bottle price, when retailers virtually always purchase from wholesalers at the lower case price; and ban quantity discounts. Plaintiff alleges that these provisions constitute hybrid restraints of trade that facilitate and impel vertical and/or horizontal price-fixing among Connecticut manufacturers, wholesalers, and retailers; that Connecticut authorities do not actively supervise the private price-fixing that occurs as a result of the challenged provisions; and that Connecticut has no legitimate basis to defend the provisions

under the 21st Amendment. Plaintiff has sued the Connecticut officials responsible for enforcing the challenged provisions. The defendants are named in their official capacities only, and plaintiff seeks injunctive and declaratory relief barring enforcement of those provisions, plus costs and attorney's fees. Plaintiff does not seek money damages.

**B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants**

Defendants expect to defend the challenged provisions on one or more of the following grounds:

1. The competitive restraints alleged to arise from the challenged provisions are analyzed under the rule of reason, are therefore not irreconcilable with the Sherman Act as a matter of law, and therefore are not subject to federal preemption.
2. The challenged provisions are the unilateral acts of the State not subject to federal preemption under the Sherman Act.
3. Plaintiff fails to allege a plausible agreement as required under *Twombly/Iqbal*.
4. State action immunity under *Parker* applies to the challenged provisions.
5. The challenged provisions represent action in furtherance of legitimate state interests under the 21st Amendment, and such interests should prevail over any federal interest under the Sherman Act.

In the event that Plaintiff becomes a prevailing party at a later stage of this litigation, Defendants expect to contest any award of costs and fees as barred by the Eleventh Amendment.

**C.    Defenses and Claims of Third Party Defendant/s: Statement of Undisputed Facts**

The parties do not expect to name any third-party defendants, although four industry trade associations recently filed motions to intervene. Defendants do not presently plan to oppose intervention. Plaintiff plans to file a single opposition to the four motions to intervene on October 20, 2016, as ordered by the Court. The movants have all indicated that they intend to file a motion to dismiss within 14 days of an order allowing intervention. Plaintiff requests that their deadline to respond to the Defendants' motion to dismiss be stayed until the Court rules on the

motions to intervene, with the expectation that Plaintiff will have a single response deadline for all motions to dismiss. If the Court denies intervention, Plaintiff will file their opposition to Defendants' motion 15 days after the order. Defendants have no objection to Plaintiff's proposed schedule for responding to motions to dismiss..

### IV.     STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made and will continue to make good faith attempts to determine whether there are any material facts that are not in dispute so as to minimize discovery and time at trial.  Given the pendency of Defendants' Motion to Dismiss, and the standards applied thereto, the parties submit that any stipulations should be presented subsequent to court action on the Motion to Dismiss.

### V.     CASE MANAGEMENT PLAN

#### A.     Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: discovery to be completed by August 23, 2017, in 12 months after the filing of the complaint (rather than 6); and all motions for summary judgment shall be filed by October 23, 2017, within 14 months after the filing of the complaint (rather than 7). They further request modifications as set forth below.

#### B.     Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), but they will be guided by the Court's preferences.

    **C.**    **Early Settlement Conference**

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.    The parties do not request an early settlement conference.

    3.    If a settlement conference occurs, the parties prefer a settlement conference with a magistrate judge.

    4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

    1.    Plaintiff should be allowed until November 23, 2016, to file motions to join additional parties and until December 23, 2016, to file motions to amend the pleadings.

    2.    Defendants should be allowed until January 15, 2017 to file motions to join additional parties and until October 14, 2016, to file a response to the complaint.

    **E.**    **Discovery**

    a.  Defendants request a stay of discovery during the pendency of their Motion to Dismiss.  Plaintiff does not object to a stay of discovery provided it has an opportunity to argue that discovery should be opened to respond to arguments that may be raised by the proposed intervenors, if the intervention motions are granted and the intervenors are permitted to file motions to dismiss, or to permit Plaintiff to address any factual deficiencies in the Complaint.  In the event Plaintiff seeks such discovery, Defendant reserves to right to object.  In the event discovery proceeds, the parties anticipate that discovery will be needed on the following subjects, although

5

the need for some or all discovery may be obviated by court rulings or factual stipulations, and the parties reserve the right to object to discovery in these categories:

1. Defendants' supervision of industry participants' setting and posting of case and bottle prices of alcoholic beverages;

2. Communications among industry participants about wholesale and retail prices of alcoholic beverages;

3. Purpose and intent of the challenged provisions;

4. Communications among industry participants and the defendants about the challenged provisions;

5. Recent civil and/or criminal investigations of alcoholic beverage industry participants' combinations and conspiracies in restraint of trade conducted by the Attorney General or other state offices (Defendants believe that any investigatory documents held by the Attorney General are precluded from disclosure by the terms of Conn. Gen. Stat. §35-42(c) and the holding of the Connecticut Supreme Court in *Brown & Brown v. Blumenthal*, 297 Conn. 710 (2010));

6. Effect of challenged provisions on Connecticut wholesale and retail prices of alcoholic beverages;

7. Prices at which Plaintiff and other retailers have sold alcohol to consumers in Connecticut and in states that do not have liquor control laws similar to those in Connecticut, particularly those states that do not have post and hold provisions or minimum retail price provisions.

8. Plaintiff's pricing and sales strategy.

9. Evidence to support the allegations of price fixing combination, conspiracy or agreement between and among wholesalers, retailers and/or manufacturers in Connecticut as set forth in Paragraphs 16-20 of the Complaint.

10. Evidence to support the allegation that "state agents, including the defendants, allow manufacturers and wholesalers to utilize the challenged provisions to fix and maintain anticompetitive retail prices" as alleged in Paragraph 21 of the Complaint.

11. Evidence to support the contention that retail prices of alcohol in the State of Connecticut would be lower absent the challenged provisions, as alleged in Paragraph 22 of the Complaint.

5707475.3

b.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced either once Defendants' Motion to Dismiss is decided or when Plaintiff successfully argues that discovery should be opened as set forth in Section V(e)(a) above, and completed (not propounded) by September 23, 2017.

c.  Discovery will not be conducted in phases.

d.  N/A.

e.  The parties anticipate that the plaintiff will require a total of 7-10 depositions of fact witnesses and that the defendants will require a total of 7-10 depositions of fact witnesses. The depositions will commence by November 20, 2016, and be completed by September 23, 2017.

f.  At this time the parties do not request permission to serve more than 25 interrogatories.

g.  Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 30, 2017. Depositions of any such experts will be completed by June 15, 2017.  To the extent defendants will pursue any affirmative defenses they will designate any expert witnesses in support of those defenses and their depositions will be completed on the same schedule.

h.  Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2017. Depositions of such experts will be completed by September 23, 2017. To the extent that plaintiff will offer expert

testimony in opposition to any affirmative defenses raised by defendants, it will designate such experts and their depositions will be completed on the same schedule.

i.  Plaintiff is not asserting money damages and therefore the provision for damages analysis is not relevant.

j.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information. The parties intend to further refine the details of disclosure and preservation of electronically stored information, as well as search terms to be applied to such information. Because the parties do not yet know the nature or volume of the documents that will be collected, reviewed and produced, they expect and intend to continue to discuss the appropriate form of production and intend to further refine the details of disclosure and preservation of electronically stored information, as well as search terms to be applied to such information.  However, the parties intend that, at a minimum:

   1. the production will be in electronic form;
   2. emails shall be produced as searchable PDF format;
   3. email attachments shall be produced in native format;
   4. loose files shall be produced in searchable PDF format, except Excel spreadsheets, which will be produced in native format.

k.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection ("Privileged Material"), including

procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

1. The inadvertent disclosure of Privileged Material that is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Material shall not waive any privilege with respect to such disclosures or the subject matters contained therein, either in this action or any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d).

2. If any such information or document is inadvertently produced, then the Receiving Party agrees that, upon request of Producing Party, it will promptly return all copies of the information or documents in their possession, delete or sequester any versions of the information or documents on any database that they maintain, and make no use of such information or documents, provided, however, the Receiving Party thereafter shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege or immunity from production.

3. If the Receiving Party identifies any Privileged Material in the production, the Receiving Party shall immediately return or destroy the document. If the Receiving Party identifies any potentially Privileged Material or information in the production, it shall promptly notify Producing Party of the disclosure.

**F.   Dispositive Motions:**

Dispositive motions will be filed on or before October 23, 2017.

5707475.3

G.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 23, 2017, 60 days after the close of discovery if no motion for summary judgment is filed or 45 days after the denial of any motion for summary judgment.

VI. **TRIAL READINESS**

The case will be ready for trial 30 days after the parties file their joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| GEORGE JEPSEN<br>ATTORNEY GENERAL | PULLMAN & COMLEY LLC |
| By:  /s/ *Robert J. Deichert*<br>    Robert J. Deichert (ct24956) | By:  /s/ *James T. Shearin*<br>    James T. Shearin (ct01326)<br>    Edward B. Lefebvre (ct29050) |
| Assistant Attorney General<br>Attorney General's Office<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>860-808-5020 (phone)<br>860-808-5347 (fax)<br>Robert.Deichert@ct.gov | 850 Main Street<br>P.O. Box 7006<br>Bridgeport, CT 06601-7006<br>203 330-2240 (phone)<br>203 576-8888 (fax)<br>jtshearin@pullcom.com<br>tlefebvre@pullcom.com |
| Gary M. Becker (ct11392)<br>Assistant Attorney General<br>Attorney General's Office<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06106<br>860-808-5040 (phone)<br>860-808-5391 (fax)<br>Gary.Becker@ct.gov | William J. Murphy (phv02662)<br>John J. Connolly (phv08548)<br>ZUCKERMAN SPAEDER LLP<br>100 E. Pratt St., Suite 2440<br>Baltimore, Maryland 21202<br>410 332 0444 (phone)<br>410 659 0436 (fax)<br>wmurphy@zuckerman.com<br>jconnolly@zuckerman.com |
| Robert W. Clark (ct18681)<br>Special Counsel<br>Attorney General's Office<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120 | *Attorneys for Plaintiff* |

10

860-808-5318 (phone)
860-808-5387 (fax)
Robert.Clark@ct.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October, 2016, a copy of the foregoing was filed electronically and also sent by e-mail to the following parties and movants:

Gary M. Becker (ct11392)
Robert J. Deichert (ct24956)
Robert W. Clark (ct18681)
Assistant Attorneys General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Gary.Becker@ct.gov
Robert.Deichert@ct.gov
Robert.Clark@ct.gov

Meredith G. Diette
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, Connecticut 06103
mdiette@siegeloconnor.com

Patrick A. Klingman
Klingman Law, LLC
196 Trumbull Street – Suite 510
Hartford, CT 06103-2207
pak@klingmanlaw.com

Deborah A. Skakel
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
dskakel@blankrome.com

Robert M. Langer
20 Church Street
Hartford, Connecticut 06103
rlanger@wiggin.com

James K. Robertson, Jr.
David S. Hardy
Damian K. Gunningsmith
Carmody Torrance Sandak & Hennessey LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Tel: 203-777-5501
Fax: 203-784-3199
jrobertsonjr@carmodylaw.com
dhardy@carmodylaw.com
dgunningsmith@carmodylaw.com

  /s/ *John J. Connolly*

5707475.3