**WIGGIN AND DANA**

*Counsellors at Law*

Wiggin and Dana LLP
20 Church Street
Hartford, Connecticut
06103-3402
www.wiggin.com

Robert M. Langer
860.297.3724
860.525.9380 fax
rlanger@wiggin.com

May 26, 2017

Honorable Janet C. Hall
Richard C. Lee
United States Courthouse
141 Church Street
New Haven, CT 06510

Re: Connecticut Fine Wine & Spirits, LLC, d/b/a Total Wine & More v. Harris et al., Case 3:16-cv-01434-JCH (D. Conn.)

Dear Judge Hall:

I have had an opportunity to review the transcript of the hearing held before you on May 18, 2017, and wish to bring to the Court's attention what I believe is either a transcription error or an inadvertent misstatement on my part.

At pages 62-63 of the transcript (copy attached), you had inquired as to the current status of maximum price fixing under the Sherman Act. I assumed, from the context of the discussion you were having with Mr. Murphy, that you were referring to vertical maximum price fixing. While I recall stating that *Albrecht v. Herald Co.*, 390 U.S. 145 (1968), had been overruled, apparently at that moment I was not speaking loudly enough into the microphone, because my comment is not included in the transcript. As noted in *Leegin Creative Leather Products v. PSKS, Inc.*, 551 U.S. 877, 902 (2007), *Albrecht* was overruled by *State Oil Co. v. Khan*, 522 U.S. 3 (1997), holding that vertical maximum price fixing would no longer be deemed per se unlawful under the Sherman Act.

At page 63 of the transcript, I am quoted as referring to "horizontal" maximum price fixing, stating that it is no longer per se unlawful. If I indeed used the word "horizontal," I misspoke, for which I apologize. *Arizona v. Maricopa County Medical Society*, 457 U.S. 332 (1982) (cited in *Leegin* at pages 886-87 and 888) is, to the best of my knowledge, still the law and holds that horizontal maximum price fixing is indeed per se unlawful under the Sherman Act.

Sincerely,

Robert M. Langer

cc: All Counsel of Record

Encl.

*Connecticut   New York   Philadelphia   Washington, DC   Palm Beach*

1

```
 1                  UNITED STATES DISTRICT COURT

 2                     DISTRICT OF CONNECTICUT

 3      _____
        Connecticut Fine Wine and   )
 4      Spirits, LLC                )
                    Plaintiff.      ) NO: 3:16cv1434(JCH)
 5                                  ) May 18, 2017
        vs.                         ) 10:07 a.m.
 6                                  )
        Jonathan A. Harris, et al   )
 7                  Defendants.     )
        _____
 8                                          141 Church Street
                                            New Haven, Connecticut
 9
                       HEARING
10

11      B E F O R E:
                    THE HONORABLE JANET C. HALL, U.S.D.J.
12

13      A P P E A R A N C E S:

14      For the Plaintiff    :     James T. Shearin
                                   Pullman & Comley
15                                 850 Main Street
                                   Bridgeport, CT   06601
16
                                   William J. Murphy
17                                 Zuckerman Spaeder LLP
                                   100 East Pratt St.
18                                 Baltimore, MD   21202

19      For the Defendant    :     Gary M. Becker
                                   Robert J. Deichert
20                                 Office of the Attorney General
                                   55 Elm Street
21                                 Hartford, CT   06141

22      Intervenor Defendants:

23      Wine & Spirits Wholesalers  Deborah A. Skakel
        of CT, Inc.                 Craig Flanders
24                                  Blank Rome LLP
                                    405 Lexington Avenue
25                                  New York, NY   10174
                                    -- continued --
```

```
 1   violation, the City -- I'm going to frame this backwards, but
 2   I will just state the facts.  The City said you can't set the
 3   price at least to the extent it said it cannot be higher than
 4   X dollars for that apartment.  So I don't know how you can
 5   argue -- I mean, so that in -- I have to finish my thought.
 6   I apologize.
 7            In Berkeley, while the City set the maximum, the
 8   parties were free to set prices below that.  So the private
 9   parties had some power to set prices.  Not all of it, but
10   some.  And in that case, it was unilateral.  Why is our case
11   -- why is.  My problem is how you framed your argument, so I
12   will go back to what you said.
13            The statute is it hybrid so long as private parties
14   have any power to set price, that is where public officials
15   do not have exclusive authority to determine the nature and
16   extent of the resulting injury.
17            MR. MURPHY:  I guess, Your Honor, I would start with
18   the premise that if the result is anti-competitive, then I
19   would look at the role of the state and the role of the
20   private parties.
21            THE COURT:  Maximum pricing is anti-competitive.  We
22   have cases if two private parties agree on a maximum price,
23   that would be anti-competitive per se, right?  I can't
24   remember the name of the case.  I learned it a long time ago.
25   Had to be decided before the '70s.  Maybe it is not good law
```

1  anymore.  You don't remember maximum pricing?
2          MR. MURPHY:  I'm not familiar with --
3          MR. LANGER: Yeah, horizontal maximums are no longer
4  per se.
5          THE COURT:  See I told you I was an old antitrust
6  lawyer.  It's not per se, but it can be anti-competitive.
7          MR. LANGER:  Yes.
8          MR. MURPHY:  What I'm really relying on.  In the
9  language in Fisher itself says that not all restraints
10 imposed upon private actors by government units necessarily
11 constitute unilateral action outside the purview of Section
12 1.  Certain restraints may be characterized as hybrid and
13 that non-market mechanisms merely enforce private marketing
14 decisions where private actors are thus granted a degree of
15 private regulatory power.  The regulatory scheme may be
16 attacked under Section 1.  Indeed, this Court has twice found
17 such hybrid restraints to violate the Sherman Act.  That's a
18 passage from Fisher that discusses unilateral versus hybrid.
19 And at that time, of course, 324 had not yet been decided so
20 there were two examples, now there are three.
21         THE COURT:  But this is the part of where I was sort
22 of stifling the defendants and intervenors in trying to talk
23 to me about how there's nothing compelled in the statute that
24 make these people have to agree on things.  I'll give them a
25 chance to respond.  But what is it in the scheme here that --